January 24, 2013

**ERRATA SHEET**

Mark Langer, Clerk
U.S. Court of Appeals, D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re:    Record No. 12-5155**
**Fisher-Cal Industries, Inc. v. United States of America,** *et al.*

Dear Mr. Langer:

Attached is an Amended page 4 of the Page Proof Reply Brief. Currently Footnote 1 reads:

> [1] This action contests whether the Government's decision to select insourcing over the federal contracting acquisition process to obtain the services violated 10 U.S.C. §§ 129a and 2463. R.1 at 9, 10, and 16-18. See Appellant's Brief at 3-5, 9 (Complaint). See also, Appellee's Brief at 3. See also, R.13 at 2 (Mem. Op.).

The Final Reply Brief, footnote 1, has been changed to read:

> [1] This action contests whether the Government's decision to select insourcing over the federal contracting acquisition process to obtain the services violated 10 U.S.C. §§ 129a and 2463. R.1 at 9, 10, and 16-18 (Complaint). See Appellant's Brief at 3-5, 9. See also, Appellee's Brief at 3. See also, R.13 at 2 (Mem. Op.).

Also, attached is an Amended page 5 of the Page Proof of the opening Brief. As originally drafted, the three "Id" citations contained in paragraph 4 of the opening brief (p. 5) are technically a reference to the immediate preceding citation contained in paragraph 3, which is a citation to the complaint. However, these "Id"

citations were intended to refer to the lower court's Memorandum Opinion. The memorandum opinion is cited in paragraph 3 immediately preceding the citation to the complaint and it is the sole topic of discussion of paragraph 4. The "Id" citations have been replaced with the proper citations to the Joint Appendix that refer to the lower court's Memorandum Opinion. Currently, paragraph 4 on page 5 reads:

> 4. Lower Court's Dismissal for Lack of Subject Matter Jurisdiction
> 
> The lower court granted Respondent's Motion to Dismiss for lack of subject matter jurisdiction. Id. at 1 and 3. The lower court explained that "the definition of 'procurement' in 41 U.S.C. § 111 provides that insourcing decisions are matters connected to procurement of federal contracts". Id. at 9. For this reason, the District Court concluded that jurisdiction resides exclusively with the U.S. Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(b)(1). Id.

The Final Appellate Brief, paragraph 4, page 5 has been changed to read:

> 4. Lower Court's Dismissal for Lack of Subject Matter Jurisdiction
> 
> The lower court granted Respondent's Motion to Dismiss for lack of subject matter jurisdiction. JA at 58 and 60. The lower court explained that "the definition of 'procurement' in 41 U.S.C. § 111 provides that insourcing decisions are matters connected to procurement of federal contracts". Id. at 66. For this reason, the District Court concluded that jurisdiction resides exclusively with the U.S. Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(b)(1). Id.

There are no other changes in the brief.

Sincerely,


/s/ Lawrence J. Sklute
Lawrence J. Sklute
Sklute & Associates
1150 Connecticut Avenue, N.W., 9th Floor
Washington, D.C. 20036
(202) 637-1223

*Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 24th day of January, 2013, I caused the Errata to the Page Proof Reply Brief to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

R. Craig Lawrence
W. MarkNebeker, Assistant U.S. Attorney
OFFICE OF THE U.S. ATTORNEY
 CIVIL DIVISON
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7159

*Counsel for Appellees*

/s/ Lawrence J. Sklute
*Counsel for Appellant*

U.S.C. §§ 129a, 2463 is whether to select insourcing or the federal contracting acquisition process to obtain the services, which is the only decision that is under contest in this action.[1]

Also, contrary to the Government's assertion, Appellant is not arguing that the Government's decision as to how to obtain the services (e.g., insourcing or contracting) is made before it decides whether it has a need for the services. Appellant has not "put[] the cart before the horse . . . ." See Appellee's Brief at 4. Rather, as discussed below and in Appellant's brief, the face of the statute assumes that such decisions have been made, and under the statute, the deliberations preceding these decisions are not part of the statute's definition of procurement. See, Appellant's Brief at 43 (discussion of holding of Int'l Genomics Consortium that an "agency decision to not procure a product or service" is not encompassed within § 111's definition of procurement for purposes of 1491(b)(1) Tucker Act jurisdiction). See also, Appellant's Brief at 26 (deliberation of whether to use insourcing or the federal contracting acquisition process to obtain the services "is not encompassed by 41 U.S.C. § 111's definition of

---

[1] This action contests whether the Government's decision to select insourcing over the federal contracting acquisition process to obtain the services violated 10 U.S.C. §§ 129a and 2463. JA at 12, 13 and 19-21 (Complaint). See Appellant's Brief at 3-5, 9. See also, Appellee's Brief at 3. See also, JA at 59 (Mem. Op.).

4

>supplemental regulations, if the Secretary determines such regulations are necessary for implementing such guidelines within that military department.

See JA at 13, ¶ 18.

4.  Lower Court's Dismissal for Lack of Subject Matter Jurisdiction

The lower court granted Respondent's Motion to Dismiss for lack of subject matter jurisdiction.  JA at 58 and 60.  The lower court explained that "the definition of 'procurement' in 41 U.S.C. § 111 provides that insourcing decisions are matters connected to procurement of federal contracts".  Id. at 66.  For this reason, the District Court concluded that jurisdiction resides exclusively with the U.S. Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(b)(1).  Id.

## SUMMARY OF ARGUMENT

In order for there to be jurisdiction at the U.S. Court of Federal Claims, the Tucker Act, 28 U.S.C. § 1491(b)(1), requires that there be a "procurement or proposed procurement," neither of which exists in the instant case.  The agency did not initiate any formal contracting acquisition process by determining its need for the multi-media services.  Instead, there are mere internal agency deliberations, *vis-à-vis the §§ 129a and 2463 economic analysis*, as to what method the agency might or might not select to obtain the multi-media services (*i.e.*, the federal contracting acquisition process or nonprocurement insourcing).  Accordingly, jurisdiction properly resides at the lower court.